## CAIN *v.* RAGSDALE *et al.*

ATKINSON, J.  A instituted an equitable action to cancel a deed he had executed to B, alleging, that the consideration received by A for the land described in the deed was certain land, a stock of goods and a mercantile business, and certain money; that plaintiff did not know the value of the land and stock of goods and mercantile business, and defendant knew that she did not know such value, but with intent to defraud her he told her the property was worth stated amounts which he knew to be greatly in excess of the values of the respective properties, and thereby induced her to exchange her property for that of defendant and to execute the deed she sought to have canceled; that she had sold the stock of goods for a stated sum; that defendant had encumbered to a third person the property he received from plaintiff, to an amount exceeding the amount realized for the stock of goods and the money theretofore received by plaintiff from defendant and the part of the consideration of the land which was paid in money; and that plaintiff was willing to return all the other property and to do what equity would require of her.  The venue was laid in the county of the residence of B.  An amendment was allowed, alleging, that prior to the institution of the suit B had conveyed the property to C, who resided in a different county; that C had conveyed to D, a non-resident of the State; that these two latter conveyances were without consideration, and the respective grantees took with notice of the facts charged against B in the original petition; and that the conveyances to C and D were made in order to put the property beyond the reach of A.  There was a prayer that C and D be made parties defendant, and that the deeds to them be canceled.  B demurred to the petition, and after the amendment B, C, and D filed a demurrer on general and special grounds; one ground making the point that, inasmuch as it appeared from the allegations of the petition that the property had been conveyed by B before the suit was filed and was outstanding in C and D, neither of whom resided in the county, the court was without jurisdiction.  The judge sustained the general demurrer and dismissed the petition.  The bill of exceptions assigns error on this judgment.  *Held,* that though the venue of the suit was properly laid in the county of the residence of B, it was not erroneous to dismiss the petition on general demurrer.

*Judgment affirmed.  All the Justices concur, except Fish, C. J., absent.*

JANUARY 11, 1917.

Equitable petition.  Before Judge Bell.  Fulton superior court. October 12, 1915.

*W. H. Terrell,* for plaintiff.

*Gober & Jackson* and *W. I. Heyward,* for defendants.